THE PHOENIX POWDER MANUFACTURING COMPANY, Respondent, v. THE WABASH RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals, October 30, 1906.

1. **COMMON CARRIERS: Contract Limiting Liability: Reduced Freight Rate.** Where a bill of lading for a car load of merchandise did not give the freight rate nor recite that a reduced rate of freight was charged, and where there was no verbal agreement that it should be carried at a reduced rate and no evidence of that import, there was no consideration proved to support an agreement to exempt the railroad company from its common law liability for the loss of the property, although it was shown that the railroad company in compliance with the Interstate Commerce Act, placed on file with the commission a schedule of rates.

2. ———: ———: ———. This case was before this court on a former appeal, reported in 101 Mo. App. 442, and in the opinion at that time all points raised in the present appeal were disposed of.

Appeal from St. Louis City Circuit Court.—*Hon. Horatio D. Wood*, Judge.

AFFIRMED.

*Geo. S. Grover* and *Henry W. Blodgett* for appellant.

*Kinealy & Kinealy* for respondent.

GOODE, J.—This case was considered by us on a previous appeal. [101 Mo. App. 442.] All the material facts are stated in connection with the former appeal. After the case was returned to the circuit court for further proceedings, an amended answer was filed containing the same allegations as the original answer, except that in addition it was alleged that the shipment in question was interstate and in compliance with the act of Congress entitled an act to regulate commerce, approved February 4, 1887, defendant had placed on file with the Interstate Commerce Commission, a printed schedule of rates and the contract for the shipment of the powder in question was based on the reduced rates set forth in said schedule; further, that any construction of said congressional act or said contract which should abrogate or destroy the contract, would be a violation of the constitutions of the United States and of the State of Missouri. The evidence on the two trials was not materially different. At the conclusion of the evidence at the last trial, the circuit court instructed the jury that their verdict should be for the plaintiff and the only question before them was the amount of plaintiff's damages. The jury returned a verdict assessing plaintiff damages at $1,548.97, and from the judgment entered thereon defendant appealed to the Supreme Court, which tribunal transferred the cause to this court, holding that the jurisdiction of the appeal was here. By reading the report of the former decision, it will be seen that the

action was for damages for the loss of a carload of blasting material, which was destroyed by an explosion while in transit on defendant's railroad, or a connecting line. The accident occurred at Bowie, Texas, while the car of blasting material was on a railway transfer track or sidetrack at that point. Other cars were on the same track and one of them catching fire from some cause, the flames spread to the carload of blasting powder, which exploded. The defense is that the bill of lading exempted the defendant from its common law liability as a common carrier in consideration of the property being transported at a reduced rate of freight. Among the exemptions enumerated in the bill of lading was one for damage done to the property by fire. The real point in issue was as to whether there was any evidence of a reduced freight rate being charged. We stated on the former appeal that there was no evidence of that character. No rate of freight is given in the bill of lading, nor was any agreed to verbally, nor does the bill of lading recite that a reduced rate of freight was charged. The evidence being of that import, we held no consideration was proved to support an agreement to exempt the defendant from its common law liability and, therefore, that it was liable as a common carrier for the loss of the property. We rejected the argument that a consideration was shown for a contract of limited liability, on account of the schedule of rates which the defendant company had filed with the Interstate Commerce Commission, showing two rates, the property in question being carried, as asserted by the defendant, for the lower of the two. This conclusion was based on the fact that no rate whatever was agreed to by the parties, either verbally or in writing, and there was no recital in the bill of lading that the rate was reduced. Our opinion in this matter was approved by the Supreme Court in the opinion of that court transferring the present appeal to this court for determination. [Phoenix Powder Mfg Co. v. Wabash Railroad, 94 S. W. 235.] All points

now raised were disposed of in the former opinion and, as the case was tried in accordance with what was then said, the judgment will be affirmed. All concur.